FILED - GR
October 17, 2008 12:20 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Kristin Collier,<br><br>      Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.,<br>a Pennsylvania corporation,<br><br>      Defendant. | **1:08-cv-975**<br><br>Hon. **Janet T. Neff**<br>     **U.S. District Judge** |

**Complaint**

## I. Introduction

1. This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

## II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

## III. Parties

3. Plaintiff Kristin Collier is a natural person residing in Berrien County, Michigan.

1

Ms. Collier is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Collier is a "consumer," "debtor" and a "person" as the terms are defined and used in the MCPA.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA.

**IV.  Facts**

5. Ms. Collier purchased goods and/or services on credit for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is used in the FDCPA and MCPA.

6. Ms. Collier disputes the debt.

7. Apparently, the initial creditor or a successor in interest hired NCO to collect the disputed debt from Ms. Collier. Alternatively, NCO purchased the disputed debt after the account allegedly was in default.

8. On or about October 9, 2008, a NCO employee telephoned the residence of Ms. Collier's uncle, Juergen Lohrke, and left the following recorded message on Mr. Lohrke's residential telephone answering machine: "Yes, hi. This message is only meant for Kristin Collier. My name is Beth. I'm calling from NCO. I need your return call immediately from you or your attorney so that we can get this matter in my office resolved voluntarily. My direct line you can reach me is 888-899-5966. When calling back, refer to case number ZA5647. I'll be

2

here in the office this evening until 8:30 p.m. Thank you."

9. On or about October 13, 2008, Mr. Lohrke returned the call to NCO and spoke with a NCO employee identified as "Fred." Mr. Lohrke provided the NCO "case number." The NCO employee stated that NCO was attempting to contact Ms. Collier. Mr. Lohrke stated that he was Ms. Collier's uncle. Mr. Lohrke stated that Ms. Collier did not reside with him. Hearing that, the NCO employee made the following statements:

    a) NCO was trying to contact Ms. Collier regarding "a pending litigation claim" that had been "placed against her."

    b) NCO was calling Mr. Lohrke because Ms. Collier had provided Mr. Lohrke's name as "a relative contact – someone that would be able to get a message to her or be able to have her return a call in the case of an emergency."

    c) The "Litigation Office of NCO" was trying to contact Ms. Collier.

    d) "We process litigation claims against people for our clients."

Mr. Lohrke told the NCO employee to take his telephone number off of NCO's list. The NCO employee refused, explaining that NCO did not have to because the NCO calls were not a sales call or a solicitation. Mr. Lohrke again and expressly demanded: "Don't call here again." The NCO employee refused to stop the calls to Mr. Lohrke, stating: that Mr. Lohrke would have to take the matter up with Ms. Collier. The NCO employee told Mr. Lohrke to contact Ms. Collier and deliver a message, instructing her to contact NCO to resolve the matter voluntarily and out of court, or else NCO would serve Ms. Collier with a lawsuit.

10. On or about October 15, 2008 at approximately 1:19 p.m., a NCO employee telephoned the residence of Ms. Collier's uncle, Juergen Lohrke, and left the following recorded

3

message on Mr. Lohrke's residential telephone answering machine: "Yes, hi. This message is solely meant for Kristin Collier. My name is Beth. I'm calling from NCO. I need your return phone call immediately from you or your attorney so that we can get this pending case through Berrien County resolved voluntarily. My direct phone you can reach me is 888-899-5966. When calling back, refer to case number ZA5647. Thank you."

11. NCO falsely represented or implied that litigation had been filed against Ms. Collier.

12. Each recorded voice message left by NCO on Mr. Lohrke's residential telephone answering machine was a "communication" as the term is used in the FDCPA and MCPA

13. In the recorded voice messages left by NCO on Mr. Lohrke's residential telephone answering machine, NCO failed to disclose that the communication was from a debt collector, and thereby violated the FDCPA, 15 U.S.C. § 1692e(11), *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (2006); *Leyse v. Corporate Collection Services, Inc.,* 2006 WL 2708451 (SDNY Sept.18, 2006), and also violated the MCPA.

14. It was and is the practice of NCO in connection with the collection of debts to communicate with consumers by leaving a recorded voice message on the consumer's answering machine or voice mail without disclosing in the message that the communication is from a debt collector.

15. NCO has continued to leave voice messages on the telephone answering machines of Michigan consumers, despite having been previously and repeatedly sued for the practice in various federal courts.

16. NCO did not obtain Ms. Collier's prior consent to communicate with Mr. Lohrke

4

in connection with the collection of a debt.

17. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer. 15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

18. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

19. NCO communicated with Mr. Lohrke for purposes other than to acquire location information regarding Ms. Collier. Specifically, NCO communicated to Mr. Lohrke that Ms. Collier was being sued, and NCO communicated with Mr. Lohrke in efforts to have Mr. Lohrke deliver messages to Ms. Collier that she was being sued.

20. NCO made multiple false representations in efforts to collect a debt.

21. The unlawful debt collection methods, acts and practices of NCO were willful. The violations of the FDCPA and MCPA by NCO were willful.

22. As an actual and proximate result of defendants' acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

23. Plaintiff incorporates the foregoing paragraphs by reference.

24. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692b.

b) Defendant violated 15 U.S.C. § 1692c.

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

e) Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

25. Plaintiff incorporates the foregoing paragraphs by reference.

26. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

6

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(l) by bringing to public notice that the consumer is a debtor; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: October 16, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com